The objection to this witness is as to his competency. The objection is grounded upon this, that if he establishes the will, his father, the legatee, may then be compelled to fulfill the trust he has undertaken. Now, in the case of a will the interest of the witness can only appear by one of these three ways: either by having a legacy expressly and directly bequeathed, which is not the present case, or by having a legacy bequeathed expressly in trust for him, which is also not this case, or by having a legacy bequeathed to a third person, without any use or trust declared, but upon a secret trust and engagement on the part of the legatee to hold for him; that is not the present case, for there is no proof that Briley, the father and legatee, hath ever made any such engagement; and though such a declaration made by the witness may tend to diminish his credibility, it is not sufficient to (257) remove his competency.
The witness was sworn; he proved the execution of the will, as did also the other subscribing witness. They swore to the sanity of the deceased at the time of the execution. Their testimony agreed in the circumstances attending the execution, such as the place, persons present, time of the day, and that his name, as well as that of one of the witnesses, was written by this other witness, Briley. Their evidence was corroborated by that of Mr. Collins, an attorney, who swore Bailey came to him, requesting him to go to the house of the deceased and write his will for him, and be a witness of its execution. On the other side it was proven that the day after the will bore date the witness Briley showed it to a near *Page 206 
neighbor of the deceased, and told him he wished to prove it at the next court, and that the testator at this time was in good health; that the testator had an only daughter, and said only a few days before the date of the will that he should make no will, as he had but one child; that he was upon good terms with his daughter, though he had formerly been otherwise with her first husband; that Briley, the witness, on 17 December, eight days before the will bore date, applied, in company with another man of the name of Wyatt, to a Dr. Jones for ratsbane, and got some from him; that some time after the doctor saw him and asked him if he was not the man that had been at his shop, when he denied that he had; that a coroner's inquest was held over the body, and that it was the opinion of the jury, and the physician who was then examined by them, that the deceased died by poison; his death happened eight or ten days after the date of the will, and Briley and the other witness both said he was well at the time of the execution. The testator, a few days before the date of the will, expressed his ill opinion both of the witness Briley and of his father, the legatee, in strong terms.